UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MAX DUDLEY STILSON,                                    Case No. 3:23-cv-00980-MK

        Plaintiff,                                                    ORDER

        v.

DR. ANDREW BARNES GRASLEY;
ISRAEL JACQUEZ,

        Defendants.
_____

KASUBHAI, Magistrate Judge.

        Plaintiff, an adult in custody at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan), files this civil rights action and alleges that defendants have denied him medical care in violation of his rights under the Eighth Amendment. Plaintiff's claims do not allege a viable Eighth Amendment claim, and he is the afforded the opportunity to amend his Complaint.

- 1 -    ORDER

This Court must dismiss an action initiated by an inmate seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff alleges that Dr. Grasley has refused to provide medical treatment for plaintiff's serious back condition for over one year and has intentionally "run out the clock" since plaintiff will be released from the camp in September 2023.

Prison officials and physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference to an inmate's serious medical needs may be manifested by denying, delaying, or intentionally interfering with medical treatment, or by the way in which prison physicians provide medical care. *Gamble*, 429 U.S. at 104-05. In any case, the

indifference to the inmate's medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. *Id.* at 105-06; *Toguchi*, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."). Further, a delay in providing an inmate with medical treatment, without more, does not amount to a constitutional violation; the delay must have led to "significant harm" to state a claim for deliberate indifference. *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002).

Plaintiff makes the conclusory allegation that Dr. Grasley failed to provide medical treatment for his back condition, without explaining what treatment was requested or why the treatment was denied. Further, plaintiff alleges no factual allegations against Warden Jacquez and fails to allege sufficient facts showing that either named defendant knew of and intentionally disregarded a substantial risk of harm to plaintiff's health or safety. At most, plaintiff's allegations suggest negligence, and negligent conduct cannot sustain an Eighth Amendment claim.

Plaintiff is afforded the opportunity to amend his allegations. Plaintiff must file an Amended Complaint and indicate: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct.

<u>CONCLUSION</u>

Plaintiff fails to state a viable claim under the Eighth Amendment and his claims are DISMISSED. Within thirty days from the date of this Order, plaintiff may submit an Amended

Complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 5th day of July, 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge